```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
David Bluni,

                Plaintiff,            MEMORANDUM & ORDER

      - against -                     No. 20-cv-2984 (KAM)

Commissioner of Social Security,

                Defendant.
-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff David Bluni brought this action against Defendant Commissioner of Social Security to challenge an adverse determination by the Social Security Administration ("SSA") denying him Disability Insurance Benefits and Supplemental Security Income.  (ECF No. 1, Compl.)  The Court granted Bluni's motion for judgment on the pleadings and remanded the matter to the SSA for further proceedings.  (ECF No. 24, Mem. & Order ("M&O") 27.)  Bluni's attorney, Christopher J. Bowes, now requests a fee award of $30,287.  (ECF No. 30, Mot. Approval Contingent Fee Arrangement Under 42 U.S.C. § 406(b).)  For the reasons stated below, the Court grants Bowes's motion in part and denies it in part.  Bowes is awarded a fee of $25,587, which will be offset by the $5,983.60 he was already awarded under the Equal Access to Justice Act ("EAJA").

## BACKGROUND

On June 24, 2016, Bluni filed applications for Disability Insurance Benefits and Supplemental Social Income, alleging disability since May 27, 2016. (M&O 2.) The SSA denied his applications on November 4, 2016. (*Id.*) Bluni appeared at two hearings before an Administrative Law Judge ("ALJ"), and the ALJ issued a decision on August 8, 2019, upholding the denial of benefits. (*Id.*) The Appeals Council denied review on May 1, 2020. (*Id.*)

On June 9, 2020, Bluni retained Bowes to represent him in a federal lawsuit to contest the Commissioner's decision. (ECF No. 31, Decl. James Bowes Supp. Mot. Approval Contingent Fee Arrangement Pursuant to 42 U.S.C. § 406(b) ("Decl."), Ex. A.) The retainer agreement provided that Bluni would be responsible for the costs and expenses of representation but would pay no fee unless he obtained past-due benefits through the representation. (*Id.*) The agreement further provided that if Bluni were to be awarded past-due benefits either by a court order or by the Commissioner on remand, Bluni would owe Bowes a fee equivalent to twenty-five percent of all past-due benefits. (*Id.*) Finally, the agreement provided that any fee would be offset by the amount of any fee award under the EAJA. (*Id.*)

Bluni then brought the instant action against the Commissioner on July 6, 2020. The Court entered a Scheduling

2

Order setting a February 23, 2021, deadline for briefing to conclude on the parties' cross-motions for judgment on the pleadings.[1]  That deadline was pushed back to August 3, 2021, however, due to improper service by Bowes, (ECF No. 6), three briefing schedule extension requests by Bowes, (ECF Nos. 10-12), one extension request by the Commissioner, (ECF No. 15), and another extension request technically filed by Bowes but based on a delay attributable to the Commissioner, (ECF No. 17).[2]

On February 10, 2022, the Court granted Bluni's motion and denied the Commissioner's motion.  (M&O 27.)  The Court rejected Bluni's argument that the ALJ's decision finding Bluni not disabled due to his physical impairments was not supported by substantial evidence; however, the Court still found it necessary to remand the matter because the ALJ gave inadequate reasons for discounting the medical opinions of Bluni's treating providers when she assessed Bluni's residual functional capacity.  (*Id.* 17-27.)  The Court later granted the parties' stipulated request that Bluni be awarded $5,983.60 in attorneys'

---

[1] The Scheduling Order provided that the Commissioner would serve the Administrative Transcript within ninety days after the commencement of the action.  Bluni commenced this action on July 6, 2020, so ninety days after that date was October 4, 2020.  Because that date was a Sunday, however, the Administrative Transcript was due to be served on October 5, 2020.  *See* Fed. R. Civ. P. 6(a)(1)(C).  The Scheduling Order then gave each party sixty days to file a brief and gave Bluni another twenty-one days to file a reply.  Thus, briefing was initially set to conclude on February 23, 2021.
[2] The reason for the request was that the Commissioner's attorney was too ill to respond to Bowes's edits to the parties' stipulations of fact and the colleague covering for him on that task needed additional time to get up to speed on the case.

3

fees and $400 in costs in accordance with the EAJA, 28 U.S.C. § 2412(d).  (ECF No. 29, Stip. & Order Regarding Attorney Fees.)

On remand, the ALJ on August 16, 2023, found Bluni disabled as of his alleged onset date, May 27, 2016.  (Decl. ¶ 17.)  On September 12, 2023, the SSA sent Bluni a letter notifying him that it was awarding him past-due benefits plus $2,330 per month in future benefits.  (*Id.* Ex. C.)  The letter further stated that the SSA withheld $30,287 from Bluni's past-due benefits in case it was necessary to pay attorneys' fees.[3]  (*Id.*)

In support of his motion, Bowes has submitted billing records showing that he performed 27.4 hours of work on this case.  (*Id.* Ex. B.)  Bowes's fee request amounts to an effective hourly rate of $1,105.36 per hour ($30,287 / 27.4 hours).

## LEGAL STANDARD

The Social Security Act authorizes the Court to award a "reasonable fee" to an attorney who represented a prevailing plaintiff, which may constitute up to "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [a favorable] judgment."  42 U.S.C. § 406(b)(1)(A).

---

[3] Bowes should have provided documentation explicitly stating the amount of past-due benefits that the SSA awarded Bluni.  The SSA's letter states only that it "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee" and that in this case it "withheld $30,287.00 from DAVID BLUNI['s] past due benefits in case [it needed] to pay his representative." (Decl. Ex. C.)  It does not state that $30,287 *actually represents* twenty-five percent of Bluni's past-due benefits, and Bowes provided no other documentation stating so.  Still, the Court may and does rely on Bowes's sworn testimony that $30,287 "represent[s] 25% of the past due benefits owed to Mr. Bluni." (*See id.* ¶ 30.)

4

In determining whether a requested fee is reasonable, the court must consider (1) the character of the attorney's representation and the results achieved, (2) whether the attorney was responsible for any undue delay, (3) whether there was any fraud or overreaching in making the contingency agreement, and (4) whether the requested amount is so large in comparison to the time the attorney spent on the case that awarding the requested amount would result in a windfall for the attorney. *See Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

In determining whether an award would be a windfall, the court must consider more than simply the effective hourly rate because even a high effective hourly rate may be "reasonable" in context. *Id.* at 854. The court should consider (1) the ability, expertise, and efficiency of the attorney; (2) the nature and length of the attorney-client relationship, including any representation at the agency level; (3) the satisfaction of the disabled claimant; and (4) how uncertain it was that the case would have resulted in an award of benefits and the effort it took to achieve that result. *Id.* at 854-55.

## **DISCUSSION**

Bowes seeks a fee award of $30,287, the full twenty-five percent of Bluni's past-due benefits allowed by 42 U.S.C. § 406(b)(1)(A) and the contingency fee agreement, minus his $5,983.60 EAJA award, which amounts to $24,303.40 in total.

5

Applying the first *Fields* factor, the Court finds that Bowes's representation was effective.  He litigated a contested motion for judgment on the pleadings that resulted in a remand.  On remand, Bowes represented Bluni before the ALJ and secured an award of past-due benefits dating back to 2016 along with future benefits.  *See Munoz v. Comm'r of Soc. Sec.*, No. 20-cv-2496 (KAM), 2023 WL 5310742, at *2 (E.D.N.Y. Aug. 17, 2023) (finding Bowes's work "effective" where he won motion for judgment on the pleadings and plaintiff received award of past-due and future benefits on remand).  There is no reason to reduce the fee award based on the quality of Bowes's representation or the results he achieved for his client.

The Court finds a downward adjustment necessary, however, due to Bowes's undue delay in litigating this case, which had the effect of increasing the past-due benefits owed and delaying Bluni's receipt of benefits.  The Scheduling Order initially set February 23, 2021, as the deadline for briefing to conclude.  That deadline was pushed back to August 3, 2023, in part because Bowes failed to serve the Commissioner properly and made three requests for briefing extensions, two of which came after the deadline.  The reason for the first two extensions was Bowes's heavy workload, and the reason for the third was a personal matter.  (*See* ECF Nos. 10–12.)  Though some delay was attributable to the Commissioner, most (140 days) was

6

attributable to Bowes.[4]  Because delay increases the plaintiff's recovery, it also increases the attorney's contingency fee.  *See Fields*, 24 F.4th at 849 n.2.  Where the attorney is responsible for the delay, however, the attorney may not profit from the additional accumulation of benefits.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002).  Accordingly, the Court finds that the accumulation of benefits resulting from the undue delay warrants a slight downward adjustment from Bowes's requested fee.

There are no allegations or indicia of fraud or overreaching with respect to the retainer agreement, so the Court will not reduce Bowes's fee based on that factor.

Finally, the Court finds that Bowes's requested fee would not otherwise result in a windfall.  Expending 27.4 hours is reasonable on this type of case for an attorney with Bowes's degree of experience.  *See Fields*, 24 F.4th at 854 (finding 25.8 hours reasonable to review the administrative transcript, draft a brief, and obtain a stipulation of dismissal).  Additionally,

---

[4] Due to the defective service, (*see* ECF No. 6), the Commissioner was not served until December 28, 2020, despite this action having commenced on July 6, 2020, (*see* ECF No. 7, Decl. of Service).  Thus, the Commissioner did not file the Administrative Transcript until December 29, 2020. (*See* ECF No. 9, Admin. Tr.)  Because the Scheduling Order tied the briefing schedule to the date on which the Administrative Transcript was served, the delay in service shifted the deadline for briefing to conclude from February 23, 2021, to May 21, 2021.  Bowes then sought three extensions of the deadline to file Bluni's motion for judgment on the pleadings, (*see* ECF Nos. 10-12), which further shifted that deadline back to July 13, 2021.  These delays combined to shift the deadline back 140 days from February 23, 2021, to July 13, 2021.  The delay attributable to the Commissioner, (*see* ECF Nos. 15, 17), shifted that deadline back another twenty-one days to August 3, 2021.

7

Bowes represented Bluni not just in this action but also on remand before the ALJ, where Bluni secured past-due and future benefits.  (*See* Decl. ¶¶ 16-18.)  The SSA notified Bluni of the award and that $30,287 was being withheld,[5] and there is no evidence that Bluni opposes the fee request.  (*See id.* ¶ 18, Ex. C.)  The Court presumes Bluni is satisfied with his counsel's representation because Bowes obtained a highly favorable result in this case by securing several years of past-due benefits and future benefits.  *See Munoz*, 2023 WL 5310742, at *3.  Moreover, that favorable result was far from certain; the ALJ and Appeals Council initially denied Bluni's application for benefits, and the Commissioner found enough merit in this case to file a cross-motion for judgment on the pleadings rather than stipulate to a remand.  *See Sabino v. Kijakazi*, No. 18-cv-647 (RRM), 2023 WL 2710878, at *5 (E.D.N.Y. Mar. 30, 2023).

    Based on an analysis of the factors above, the Court finds the requested fee of $30,287 unreasonable and reduces the amount to $25,587, resulting in an effective hourly rate of $933.83.  Though the effective rate is high, attorneys who litigate social security cases on a contingency fee basis frequently receive no fee at all and a reasonable fee award must account for that

---

[5] Bluni was also on notice of the potential for this fee request because he signed a retainer agreement agreeing to it.  (*See* Decl. Ex. A.)

risk. *See Fields*, 24 F.4th at 855-56. Upon receiving the fee, Bowes must remit the $5,983.60 received under the EAJA to Bluni. *See Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his [or her] clients.").

## CONCLUSION

For the reasons stated above, the Court grants Bowes's motion for attorneys' fees in part and denies it in part. In accordance with 42 U.S.C. § 406(b), the Court approves a fee award in the amount of $25,587, to be paid by the Commissioner out of the proceeds awarded to Bluni as past-due benefits. Upon receiving the award, Bowes shall refund the EAJA award of $5,983.60 to Bluni.

**SO ORDERED.**

Dated:   December 21, 2023
         Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York